[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION DATED JULY 11, 2001 (#142) DEFENDANTS'S MOTION TO DISMISS DATED AUGUST 10, 2001 (#143)
CT Page 4215
The plaintiff seeks to modify the stipulated judgment entered by the Court (Ripley, J.) on August 5, 1987 when the marriage of the parties was dissolved. The defendant seeks to dismiss the plaintiff's motion on the basis that the court lacks subject matter jurisdiction. Both motions appeared on the miscellaneous calendar on September 19, 2001 when counsel appeared for oral argument. Following the hearing counsel were ordered to file briefs.
The relevant provision of the judgment which is the subject of the plaintiff's motion is as follows:
 [T]he defendant shall pay TWO HUNDRED ($200.00) DOLLARS per week in alimony payments to the Plaintiff, said amount to change to TWO HUNDRED FIFTY ($250.00) DOLLARS per week when child support payments cease. Said payments, would cease upon her death, remarriage, cohabitation, or until the Defendant is retired or attains the age of sixty.
The issues presented by the parties' motions are similar to motions previously filed and which were the subject matter of a Memorandum of Decision dated September 18, 2000 filed by the Honorable Herbert Gruendel. His decision reads in part as follows: "This judgment does not specifically preclude modification. However, if the defendant reached age sixty or retired prior to the date of the plaintiff's motion the alimony would have automatically terminated by the terms of the judgment. The court would not thereafter have subject matter jurisdiction . . ." The defendant's motion to dismiss was denied on the factual issue of whether the defendant had retired since he had not yet attained the age of sixty. The court did not act upon the motion to modify and there is no indication in the file of any activity by the parties until the plaintiff filed her instant motion. Further, the defendant stopped paying alimony at the end of June 2000 and the plaintiff took no further action.
The defendant attained the age of sixty on June 4, 2000. The plaintiff's motion to modify was filed on July 16, 2001. In accordance with the Court's decision of September 18, 2000, alimony terminated on June 4, 2000. The plaintiff suggests that this court should consider her motion as having been filed prior to the defendant attaining the age of sixty. Section 25-34 (c) of the Connecticut Practice Book does not permit a motion to be reclaimed after a period of three months from the filing date except for good cause shown. Since the plaintiff never pursued her earlier motion, she is deemed to have waived her right to argue. The CT Page 4216 plaintiff further argues that the alimony did not terminate upon the happening of the relevant events but merely ceased. This court agrees with the earlier decision by Judge Gruendel.
The Motion to Dismiss is GRANTED.
BY THE COURT
Caruso, J.